IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SETH HALE,<br><br>  Plaintiff,<br><br>v.<br><br>MTR EXPRESS, INC. AND VLADIMAR ZHUKOV,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00439-DAK-JCB<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

  District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Defendant MTR Express, Inc.'s ("MTR") Motion for Protective Order ("Motion for Protective Order"),[2] and Plaintiff Seth Hale's ("Mr. Hale") Motion for Leave to File First Amended Complaint ("Motion" or "Motion to Amend").[3] The court held oral argument for the Motion for Protective Order on March 31, 2021.[4] Because the Defendant's Motion for Protective Order and Plaintiff's Motion to Amend are interrelated, the court reserved ruling on the Motion for Protective Order so the motions could be considered together.[5] The parties

---

[1] ECF No. 4.

[2] ECF No. 28.

[3] ECF No. 26.

[4] ECF No. 30.

[5] ECF No. 33.

completed briefing on the Motion to Amend on April 16, 2021, and the Motion is now ripe for decision. The court has carefully reviewed the written submissions and finds that no oral argument on the Motion to Amend is necessary and will determine the Motion on the written memoranda. DUCivR 7-1(f). For the reasons explained below, the Motion to Amend is granted and Motion for Protective Order is denied.

## BACKGROUND

This case arises from a 2018 traffic accident wherein Defendant Vladamir Zhukov ("Mr. Zhukov")[6] collided with Mr. Hale at a highway intersection after failing to yield the right of way to Mr. Hale. Mr. Zhukov was employed by MTR as a truck driver at the time of the accident. On June 1, 2020, Mr. Hale filed suit in state court against Mr. Zhukov personally and MTR, as his employer, for negligence and negligent hiring.[7] The case was then promptly removed to this court on diversity grounds on June 24, 2020.[8] MTR does not contest liability.[9] Given this general background, the court provides the procedural circumstances for MTR's Motion for Protective Order and Mr. Hale's Motion to Amend in order below.

A. MTR's Motion for Protective Order

On January 20, 2020, Mr. Hale filed a Notice of Deposition of MTR pursuant to Fed. R. Civ. P. 30(b)(6).[10] MTR designated corporate representatives for the depositions, but objects to the scope

---

[6] Mr. Zhukov is now deceased. The court received a notice of death informing the court that Mr. Zhukov died on February 27, 2021. ECF No. 21.

[7] ECF No. 2 at 11, ¶¶ 13-18 (negligence), ¶¶ 19-21 (negligent hiring).

[8] ECF Nos. 1, 2.

[9] ECF No. 28 at 2.

[10] ECF No. 14.

of the proposed Rule 30(b)(6) topics, which include questions related to liability.[11] Because MTR stipulated to liability under *respondeat superior*, it contends the testimony sought by Mr. Hale is irrelevant and not proportional under Fed. R. Civ. P. 26(b)(1). On that basis, MTR moves the court, pursuant to Fed. R. Civ. P. 26(c), for a protective order limiting the scope of Mr. Hale's Rule 30(b)(6) deposition only to issues of damages.[12]

      B. <u>Mr. Hale's Motion for Leave to Amend</u>

Mr. Hale seeks leave to amend the Complaint to provide additional factual details and a prayer of relief for punitive damages to the negligent hiring claim. Specifically, the changes sought include a request for punitive relief, the addition of newly discovered facts relevant to the accident to support the claim for punitive damages, and clarification of the claims by reorganizing the Complaint.[13] Mr. Hale posits that the fundamental allegations of the Complaint and the causes of action remain unchanged. Punitive damages are a form of relief available in connection to the negligent hiring claim, which Mr. Hale bases on newly discovered information about Mr. Zhukov having an unsafe driving record of which MTR was allegedly aware.

---

[11] ECF No. 28 at 2 ¶ 4.

[12] ECF No. 28 at 2.

[13] The original complaint asserts two causes of action: negligent operation of truck and negligent hiring, training, education. Both causes of action are plead in the complaint under the same general section labeled "Negligence". Mr. Hale seeks to clarify the causes of action by separating the claims into their own respective sections labeled "Negligence – All Defendants" and "Negligence in Hiring, Supervision, and/or Retention – Defendant MTR".

Mr. Hale filed the Motion to Amend on March 22, 2021,[14] more than two months before the close of fact discovery and six months before the close of expert discovery.[15] Trial is set for June 13, 2022, which is more than a year away. MTR opposes the Motion on grounds of futility because Mr. Hale has not adequately plead facts to state a plausible punitive damage claim.

### ANALYSIS

Because the scope of the pleadings governs what is relevant for discovery,[16] the Motion to Amend is addressed first. For the reasons explained below, the court grants leave to amend the complaint but denies the request for protective order.

I. **MR. HALE'S MOTION TO AMEND THE COMPLAINT IS GRANTED.**

Mr. Hale's proposed amendments are appropriate under Fed. R. Civ. P. 15. Rule 15 provides that upon a request to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule favors the liberal granting of motions for leave to amend, which "reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180, 1186 (10th Cir. 1999). Thus, the court enjoys broad discretion in deciding motions for leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Refusing leave to amend is generally only justified upon consideration of the following factors: (1) undue delay, (2) undue prejudice to the opposing party, (3) bad faith or dilatory motive, (4) failure to cure deficiencies by amendments previously

---

[14] The timeframe for amendment (September 24, 2020 deadline) has passed. Typically, this would render a motion to amend untimely, and amendment would be subject to both Rules 16 and 15 analyses. However, because the parties stipulated to only Rule 15 as a threshold for late filing to amend, the court considers the motion to amend under Rule 15 only.

[15] The fact discovery deadline is June 7, 2021, the expert discovery deadline is October 11, 2021. ECF No. 20.

[16] Fed. R. Civ. P. 26(b)(1) (stating that relevance is determined, in part, based on claims and defenses asserted in the action).

allowed, or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Minter,* 451 F.3d at 1204. Because MTR only raises futility arguments in opposing the Motion, the court addresses only futility below.

The proposed amendments are not futile. MTR argues that the amendment is futile because it does not contain enough facts of a "knowing and reckless disregard of rights" or "extreme, outrageous, and shocking contact," elements required for recovering punitive damages. MTR relies on *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) in arguing that Mr. Hale has not plead sufficient facts to be able to survive a motion to dismiss. However, punitive damages are not an independent cause of action; therefore, *Twombly* and *Iqbal* do not apply to pleading punitive damages at all. *See, e.g., Dowdy v. Coleman Co*, No. 1:11-CV-45-DAK, 2011 WL 6151432, *5 (D. Utah 2011) ("Punitive damages, as a remedy sought for a certain claim, are not subject to the *Twombly* and *Iqbal* standards. Rather, the claim that they are sought with is subject to the standards."). Instead, the *Twombly*/*Iqbal* standards apply to pleading the actual causes of action for which Mr. Hale seeks punitive damages.

Here, the causes of action include negligence and negligent hiring. But MTR has not opposed any of Mr. Hale's causes of action for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Consequently, the court concludes, at this juncture, that they are pled sufficiently under *Iqbal* and *Twombly*. As such, there is no apparent reason to deny the amendment on futility grounds. Therefore, Mr. Hale is authorized to amend his complaint as submitted as part of his motion.

## II. MTR'S MOTION FOR PROTECTIVE ORDER IS DENIED.

The above analysis pertaining to the Motion to Amend necessarily controls the permissible scope of any protective order. Indeed, at the hearing on March 31, 2021, MTR even conceded that, if punitive damages on the negligent hiring claim are allowed, then the Rule 30(b)(6) deposition topics,

as proposed, are relevant and proportional to the case. Mr. Hale seeks MTR's testimony regarding the hiring, training, and entrustment of the vehicle to Mr. Zhukov. Because this information is relevant to both the negligent hiring claim and the request for punitive damages, and within the scope of Fed. R. Civ. P. 26(b)(1), MTR's request for a protective order limiting the scope of Mr. Hale's Rule 30(b)(6) depositions is denied. Therefore, Mr. Hale is authorized to pursue all of his Rule 30(b)(6) prosecutions.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) Mr. Hale's Motion to Amend[17] is GRANTED. Mr. Hale shall file the amended complaint within 7 days of the date of this Order.

(2) MTR's Motion for Protective Order[18] is DENIED.[19]

DATED this 18th day of May 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] ECF No. 26.

[18] ECF No. 28.

[19] The court will not assess fees under Fed. R. Civ. P. 37(a)(5)(B) because the arguments were substantially justified in that the Motion for a Protective Order has a reasonable basis in law and fact based on the complaint in existence at the time of the motion.